IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DARROLL C. LAMBERT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:15-cv-0793 |
| ) | |
| CCA, MEN OF VALOR, and ) | Judge Nixon |
| JOHN MICHALAK, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff Darroll Lambert, an inmate confined at the Metro-Davidson County Adult Detention Center, operated by CCA in Nashville, Tennessee, has filed a *pro se* complaint under 42 U.S.C. § 1983 against defendants CCA, "Men of Valor," and John Michalak. (ECF No. 1.) The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA").

I.  **Standard of Review**

Under the PLRA, the Court must conduct an initial review of any civil complaint brought by a prisoner if it is filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2), seeks relief from government entities or officials, 28 U.S.C. § 1915A, or challenges the prisoner's conditions of confinement, 42 U.S.C. § 1997e(a). Upon conducting this review, the Court must dismiss the complaint, or any portion thereof, that fails to state a claim for which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c). In conducting the initial review, the Court must read the plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972),

and accept the plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

## II. Factual Allegations

The plaintiff alleges that in January 2015 he began participating in the "Jericho Program" operated by an organization that provides services to inmates, Men of Valor ("MOV"). The plaintiff was on track to graduate from the program on July 27, 2015. Instead, Case Manager Pamela Hayes, Unit Manager Carlton Dethrow, and MOV Project Manager John Michalak abruptly removed the plaintiff from the Jericho Program around the end of May 2015. The plaintiff never received advance warning prior to his removal, and he was never provided a valid explanation for his removal. He had not been subject to any disciplinary action of any sort while participating in the program. On this basis, he asserts that his removal from the program violated his right to due process.

The plaintiff also alleges, in a wholly conclusory fashion, that other inmates and in particular an openly gay inmate have received disciplinary write-ups during their participation but were nonetheless permitted to graduate from the Jericho program. The plaintiff notes that he is straight and that he is a Seventh-Day Adventist. He believes that his removal may constitute discrimination on the basis of his religion, race, or sexual orientation. He also states that his removal was in retaliation for his use of the prison grievance system. He indicates that he had filed grievances around the time of his removal and another lawsuit in this Court. The responses to his grievances attached to his complaint indicate that he was told he was removed for non-participation, but the plaintiff insists that he fully participated in the program and that this reason is false and pretextual.

Although he does not name them as defendants, the plaintiff holds Warden Blair Leibach,

Assistant Warden Corlew, and Unit Management Chief Saumers "responsible for the violations permitted by the CCA employees and the M.O.V." (ECF No. 1, at 5.)

The plaintiff seeks compensatory damages.

## III. Discussion

The plaintiff brings suit under 42 U.S.C. § 1983. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

The Court accepts at this stage in the proceedings that CCA, MOV, and John Michalak are state actors for purposes of § 1983. The complaint alleges that John Michalak (in conjunction with other actors who are not named as defendants) removed the plaintiff from the Jericho program without due process—that is, without warning and despite the fact that the plaintiff had not received any disciplinary write-ups. The plaintiff's due-process claim fails, however, because prisoners have no constitutionally protected interest in participation in prison vocational, rehabilitative, or educational programs based on the Fourteenth Amendment. *See, e.g., Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (Due Process Clause not implicated by prisoner classification and eligibility for rehabilitative programs, even where inmate suffers "grievous loss"); *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989) (no constitutional right to prison employment); *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996) ("[P]articipation in a rehabilitative program is a privilege that the Due Process Clause does not guarantee."). Because

he had no protected interest in being placed in the program, the plaintiff has no due-process claim arising from his arbitrary removal from the Jericho program.

The plaintiff also alleges that his removal from the program was in retaliation for his having attempted to use the prison grievance system in relation to a race-discrimination claim. "It is well recognized that it is constitutionally impermissible to terminate even a unilateral expectation of a property interest in a manner which violates rights of expression protected by the First Amendment." *Newsom v. Norris*, 888 F.2d 371, 375 (6th Cir. 1989). For purposes of the initial review only, the Court finds that this claim should be permitted to proceed against defendant Michalak.

However, insofar as the plaintiff seeks to assert retaliation claims against CCA or MOV, such claims are subject to dismissal. CCA, a private prison operator, may be subject to suit under § 1983 as the entity to which the obligation to operate a state prison has been contractually delegated. *See Street v. Corrs. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996) (CCA acts under color of state law because it performs the traditional state function of operating a prison). The Court presumes without deciding at this juncture that MOV, a private entity providing services to inmates, may also be liable under § 1983. However, CCA and MOV cannot be vicariously liable for the acts of their employees solely on the basis that they employed tortfeasors, because "[r]espondeat superior is not a proper basis for liability under § 1983." *McQueen v. Beecher Cmty. Schs.*, 433 F.3d 460, 470 (6th Cir. 2006). Instead, a private entity can be held responsible for an alleged constitutional deprivation only if there is a direct causal link between a policy or custom of the entity and the alleged constitutional violation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *see also Johnson v. Karnes*, 398 F.3d 868, 877 (6th Cir. 2005) ("Like a municipality, a government contractor cannot be held liable on a respondeat superior theory. . . .

[A] private contractor is liable for a policy or custom of that private contractor. . . ."). Thus, to state a claim against an entity defendant under § 1983, the plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (citations omitted). The complaint does not allege facts suggesting that the plaintiff's termination from the Jericho Program was based on a policy or custom of CCA or MOV. The claims against these defendants are subject to dismissal for failure to state a claim for which relief may be granted.[1]

Likewise, to the extent the plaintiff intended to name Warden Leibach, Assistant Warden Corlew, or Unit Manager Chief Saumers as defendants, based on his statement that he holds them responsible for the violations of his rights committed by other prison employees, any claims against these defendants are subject to dismissal for failure to state a claim for which relief may be granted. Because there is no *respondeat superior* or vicarious liability under 42 U.S.C. § 1983, proof of personal involvement is required for a supervisor to incur personal liability. *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80–81 (6th Cir. 1995). Because the plaintiff here does not allege the personal involvement of the warden, assistant warden, or unit manager chief, he fails to state a colorable claim against them under § 1983.

In sum, the plaintiff's claim against defendant John Michalak, based on retaliatory

---

[1] A panel of the Seventh Circuit has recently observed that question of *respondeat superior* liability for private prisoner operates is deserving of "fresh consideration." *Shields v. Ill. Dep't of Corrs.*, 746 F.3d 782, 789 (7th Cir. 2014). That court noted that the Supreme Court has never directly considered the question of whether *Monell* applies to private corporations, and that "there are substantial grounds to question the extension of the *Monell* holding for municipalities to private corporations." *Id.* at 790. Specifically, "[i]nsulating private corporations from *respondeat superior* liability significantly reduces their incentives to control their employees' tortious behavior and to ensure respect for prisoners' rights. The results of the current legal approach are increased profits for the corporation and substandard services both for prisoners and the public." Id. at 794.

conduct, will be permitted to proceed past this initial review. The remaining claims will be dismissed. An appropriate order is filed herewith.

                                        JOHN T. NIXON, SENIOR JUDGE
                                        UNITED STATES DISTRICT COURT